IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 99-10411
Summary Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

RUDY VAN WILLIAMS,

Defendant-Appellant.

- - - - - - - - - -
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:96-CR-68-17-A
- - - - - - - - - -
February 3, 2000

Before SMITH, BARKSDALE, and PARKER, Circuit Judges.

PER CURIAM:[*]

Rudy Williams appeals from his resentencing on his conviction for conspiracy to distribute cocaine and crack cocaine following the vacatur of his conviction for distribution of crack cocaine and remand by this court in United States v. Freeman, 164 F.3d 243, 251 (5th Cir. 1999). He argues that the district court erred by overruling his objection to the amount of drugs attributed to his sentence by the revised PSR. Specifically, he contends that portions of the PSR's drug-quantity calculations

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

were invalidated by this court's vacatur of his distribution conviction, are insufficiently reliable for sentencing purposes, and were not sufficiently foreseeable to be attributed to his sentence as relevant conduct. Factual findings made by a sentencing court must be supported by a preponderance of the evidence and are upheld unless clearly erroneous. See United States v. McCaskey, 9 F.3d 368, 372 (5th Cir. 1993). The sentencing court's interpretations of the guidelines are reviewed de novo. See id.

The PSR is generally considered reliable evidence for sentencing purposes. See United States v. Vital, 68 F.3d 114, 120 (5th Cir. 1995). If the defendant fails to meet his burden of rebutting the PSR's findings by submitting relevant evidence or affidavits, the district court is free to adopt the PSR's findings without further inquiry. See id. Because Williams failed to present relevant evidence to rebut the revised PSR's drug-quantity calculations, the district court did not err by adopting the revised PSR's findings. In addition, to the extent that Williams' claims challenge the revised PSR's findings that were unaffected by this court's holding in Freeman, they are barred by the waiver and the law of the case doctrines. See United States v. Castillo, 179 F.3d 321, 326 (5th Cir. 1999)(an issue that could have been raised in an earlier appeal in the case is waived); United States v. Becerra, 155 F.3d 740, 752 (5th Cir. 1998)(an issue of law or fact decided on appeal may not be

reexamined either by the district court on remand or by the appellate court on a subsequent appeal unless (1) the evidence involved was substantially different, (2) controlling authority has since made a contrary decision regarding the issues involved, or (3) the decision was clearly erroneous).

Williams has also filed a motion pursuant to FED. R. APP. P. 28(i) to adopt any relevant arguments in any coappellant's brief. Because this court affirmed the convictions and sentences of all of Williams' codefendants in <u>Freeman</u>, Williams is the sole appellant in the instant case. Accordingly, Williams' motion is DENIED and the district court's judgment is AFFIRMED.